# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-1657 PA (SHx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Tamra Scott v. American Medical Systems, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER TO SHOW CAUSE

    Before the Court is a Complaint filed by plaintiff Tamra Scott ("Plaintiff"). The Complaint alleges several state law causes of action against defendants American Medical Systems, Inc. ("AMS"); Boston Scientific Corporation ("Boston Scientific"); C.R. Bard, Inc. ("Bard"); and Ethicon, Inc. ("Ethicon," and collectively, "Defendants") arising out of allegedly defective medical devices manufactured and distributed by Defendants. The Complaint alleges that Plaintiff "is a resident of the State of Texas," AMS is a Delaware corporation with its principle place of business in Minnesota, Boston Scientific is a Delaware corporation with its principle place of business in Massachusetts, and Bard and Ethicon are both New Jersey corporations, each with its principal place of business in New Jersey.

    The Court orders Plaintiff to show cause, in writing not to exceed 15 pages, why this action should not be transferred to a United States District Court in the state of Texas in which Plaintiff resides, or, in the alternative, to the United States District Court for the District of Minnesota, the United States District Court for the District of Massachusetts, or the United States District Court for the District of New Jersey, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in Plaintiff's submission must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following, in addition to sharing her beliefs as to which forum is more convenient for the parties and witnesses:

    1.    Which United States District Court Plaintiff resides in within the state of Texas ("Plaintiff's District");

    2.    Whether this action could have been brought in Plaintiff's District, the District of Minnesota, the District of Massachusetts, or the District of New Jersey;

    3.    Whether venue is appropriate in Plaintiff's District, the District of Minnesota, the District of Massachusetts, or the District of New Jersey;

    4.    What contacts, if any, each of the parties has to the Central District of California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1657 PA (SHx) | Date | March 2, 2012 |
|---|---|---|---|
| Title | Tamra Scott v. American Medical Systems, Inc., et al. | | |

      ("Central District"),  Plaintiff's District, the District of Minnesota, the District of Massachusetts, or the District of New Jersey.  Plaintiff should include information regarding the location of the parties' administrative offices, real property, sources of revenue, and points of public contact;

5. What connection Plaintiff's causes of action have to the Central District, Plaintiff's District, the District of Minnesota, the District of Massachusetts, and the District of New Jersey;

6. Which witnesses are expected to be called and where they reside;

7. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to Plaintiff's District, the District of Minnesota, the District of Massachusetts, or the District of New Jersey;

8. The ease of access to sources of proof in each of the five forums;

9. The expected difference in the cost of litigation in the Central District as compared to Plaintiff's District, the District of Minnesota, the District of Massachusetts, and the District of New Jersey; and

10. Whether there are any alternative forums, other than the Central District, Plaintiff's District, the District of Minnesota, the District of Massachusetts, or the District of New Jersey, that would be more convenient for this action, keeping in mind the inquiries above.

      Plaintiff is ordered to file a response to this Order no later than March 16, 2012.  Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served.  Failure to timely respond to this Order may result in the dismissal of this action without prejudice.  Any defendant who has been served with the Complaint may respond within seven days after Plaintiff's response has been filed.

      IT IS SO ORDERED.